# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCESS FOR THE DISABLED, INC. a Florida not for profit corporation, and DENISE PAYNE Individually | ) ) ) ) ) 2:10-cv-50 |
| Plaintiffs, | ) ) |
| v | ) ) |
| HIPA ASSOCIATES, LLC | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is MOTION OF DEFENDANT HIPA ASSOCIATES, LLC, RECEIVER, FOR RECONSIDERATION OF THE ORDER DATED NOVEMBER 18, 2010 SUBSTITUTING HIPA ASSOCIATES, LLC, RECEIVER, AS DEFENDANT FOR MEYER JABARA HOTELS, INC. (Doc. No. 32), with brief in support (Doc. No. 33). On April 11, 2011, the Court ordered Plaintiffs to respond to the motion for reconsideration on or before April 22, 2011. To date, no response has been filed. The motion is ripe for disposition. For the reasons hereinafter stated, the motion will be granted.

### Background

This action involves alleged violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). According to the complaint, Plaintiff Access for the Disabled, Inc. is a Florida non-profit corporation whose purpose is "to represent the interest of its [disabled] members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities". Doc. No. 1 at ¶¶ 1, 6; *see also*, Doc. No. 29. Similarly, Plaintiff Denise Payne is a Florida

resident, and qualifies as an individual with disabilities as defined by the ADA. *Id*. at ¶ 5. The action was initiated with the filing of the original complaint on January 13, 2010, against Defendant Meyer Jabara Hotels, LLC ("Meyer Jabara"), who, at the time, allegedly 'owned, leased, leased to, or operated a place of public accommodation as defined by the ADA', namely, the Holiday Inn Pittsburgh Airport, 8256 University Boulevard, Moon Township, PA 15108. *Id.* at ¶ 2; *see also* Doc. No. 6 at ¶ 2. Plaintiffs allege various violations of the ADA and the federal regulations implementing the ADA within the property in terms of the requirements involving entrance access and path of travel, as well as accessible facilities in the guest rooms. *Id*. at ¶ 10. *Inter alia*, the complaint sought a declaratory judgment and injunctive relief that included an order to make the premises ADA complaint. *Id*. at *ad damnum* clause.

On April 9, 2010, Plaintiffs and Defendant Meyer Jabara jointly moved to continue the initial case management conference which was scheduled for April 22, 2010. *See* Doc. No. 11. The motion was granted, and the initial case management conference was rescheduled to June 15, 2010. On June 2, 2010, the parties once again jointly moved to reschedule the initial case management conference. Doc. No. 13. That motion was also granted, and the initial case management conference was rescheduled to July 16, 2010. Doc. No. 14. On July 15, 2010, the parties moved a third time to reschedule the initial case management conference. Doc. No. 15. The motion was granted, and the conference was rescheduled to September 23, 2010. Doc. No. 16.

In an order dated July 20, 2010, the Court of Common Pleas of Allegheny County appointed Defendant HIPA Associates, LLC, as receiver for the property at 8256 University Blvd., Moon Township, PA 15108, ("Receiver Order"), an appointment that took effect

immediately. *See* Doc. No. 17 at exhibit 1. The Receiver Order appointed HIPA Associates as a rent receiver over the property to "provide management and operational services consistent with property management practices for properties of comparable type, class, age and condition in the greater Pittsburgh Airport market." *Id*. ¶ 3. The Receiver Order generally installed the Receiver to manage the property, collect revenue, and pay expenses, and enumerated specific powers and responsibilities which included taking possession of the property, supervising and overseeing the operation and management of the property, preparing a monthly operating budget, taking certain steps with respect to outstanding accounts payable to preserve and protect the property, entering into contracts with service providers or suppliers of goods and services, opening bank accounts and securing monies. *Id* at ¶ 4. Furthermore, the Receiver Order included:

> The Defendant [MJ Pittsburgh Hotel Associates, Ltd.] together with its agents, employees, and representatives, including, without limitation, William A. Meyer, Richard Jabara, Theodore Jabara, Jr., Janet Walsh and Gail Asarch, shall not be liable for any claims, suits, causes of action, damages or liabilities relating to the use, possession or operation of the Mortgaged Property from and after the Effective Date of this Order while this Order is in effect unless such claim, suit, cause of action, damage or liability results from the intentional misconduct or gross negligence of the Defendant or its agents, employees or representatives....

*Id*. at ¶ 17. On July 21, 2010, Plaintiffs filed the first of three attempts by motion to substitute former Defendant Meyer Jabara Hotels, LLC, with current Defendant HIPA Associates, LLC. *See* Doc. No. 17, 19, and 25. Plaintiffs' third motion to substitute Defendant was filed on October 22, 2010, and included an affidavit of service indicating that "Mrs. Baker as paralegal for HIPA Associates, LLC, at the address of: 8 Penn Center, 23rd floor, Philadelphia, PA 19103" was served with a copy of the motion and with an amended summons. Doc. No. 25 at exhibit 1. Without receiving any response in opposition to same, on November 18, 2010, the motion to

substitute Defendant was granted. On November 19, 2010, the Court ordered the parties to both conduct a meeting and to file a report in accordance with Federal Rule of Civil Procedure 26 by December 17, 2010, and further scheduled the initial case management conference on December 28, 2010. *See* Order of Court, Doc. No. 27. No Rule 26(f) report was timely filed, and it appears on the docket that Plaintiffs failed or neglected to effectuate service of process on Defendant HIPA Associates. On December 22, 2010, the Court cancelled the case management conference. Doc. No. 28.

On February 11, 2011, Plaintiffs filed an amended complaint. Doc. No. 29. No affidavit of service of the amended complaint has been filed. On March 8, 2011, Defendant HIPA Associates moved for this Court to reconsider the November 18, 2010 order granting the substitution of it for the original Defendant. Doc. No. 30, *refiled at* Doc. Nos. 32 and 33. According to Defendant, it was not served with the amended complaint until March 1, 2011. *Id*. Further, Defendant HIPA Associates contends that it was never served with any copy of the previous three motions to substitute Defendant, and had it been served, it would have opposed to motion as violative of the Receiver Order. *Id.* On April 11, 2011, the Court ordered Plaintiffs to respond to Defendant's motion for reconsideration on or before April 22, 2011. *See* docket text entry, April 11, 2011. To date, no response has been filed by Plaintiffs.

**Standard of Review**

A motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir.1985). The Court may grant a motion for reconsideration if the

4

moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Reconsideration is not appropriate where a movant is simply seeking a "second bite at the apple." *Choff v. Nextier Bank*, Civ.A.No. 2:10-cv-1423, 2011 WL 1586688 (W.D.Pa. April 26, 2011)(quotations omitted).

**Analysis**

In this case, Defendant Receiver seeks reconsideration by arguing a need to correct a clear error of both law and fact. *See* Doc. No. 33. In terms of an error of fact, Receiver disputes that it received a copy of any of the three previous motions regarding the substitution of it for the original Defendant. *Id*. Defendant contends that there is no "Mrs. Baker" who was employed as a paralegal with it, and therefore, no service was ever effected. *Id*. In terms of an error of law, Defendant contends that no party sought leave of the Court of Common Pleas of Allegheny County for permission to bring the action against it, and further, that it cannot defend this action without violating said order because it has no authority to make the desired improvements to the property. *Id.*

The Court begins with Defendant's challenge that the action cannot be maintained against it without the permission of the court that appointed it as the receiver. Defendant references what has come to be known as the *Barton* doctrine, and "is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must first be obtained." *Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881). This rule applies equally whether a state court appointed receiver is sued in state court, or as in this case, the receiver is sued in federal

5

court. *See, e.g.*, *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir.2000) (applying *Barton* doctrine to suit against a bankruptcy trustee and holding "when leave is required, it is required before pursuing remedies in either state or other federal courts.")

Plaintiffs' amended complaint does not reflect leave of Court before substituting the Receiver for the original Defendant in this action. Further, the Court notes that Plaintiffs have filed no response to Defendant's motion for reconsideration. The Court agrees with Defendant. Accordingly, unless some exception to the *Barton* doctrine applies to this case, the Court will reconsider the previous order which granted the motion to substitute.

An exception to the *Barton* doctrine permits suits against receivers without leave of the appointing court with respect to acts or transactions "in carrying on the business connected with such property." *See* 28 U.S.C. § 959(a). This exception contemplates "actions redressing torts committed in furtherance of the debtor's business." *Carter*, 220 F.3d at 1254 (quotation omitted). Such a scenario for the exception exists, for example, if a customer of a gas station operated by a receiver slips and falls while shopping and alleges the fall was caused by negligence attributable to the receiver, the customer could bring suit against the receiver without first seeking permission from the appointing court. Here, however, Plaintiffs' allegations involve the condition of the premises at a time that preceded the appointment of Defendant as receiver, and Plaintiffs' amended complaint does not aver that Defendant's operation of the property in any way caused or contributed to that condition. Accordingly, the Court finds that this exception does not apply.

**Conclusion**

For the reasons hereinabove stated, the Court finds that reconsideration of its previous order by which the Receiver was substituted as Defendant is appropriate. Therefore, Defendant's Motion for Reconsideration will be granted, and further, Defendant HIPA Associates, LLC will be dismissed from this action and removed from the caption. Meyer Jabara Hotels, LLC, shall be reinstated as Defendant.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCESS FOR THE DISABLED, INC. a Florida not for profit corporation, and DENISE PAYNE Individually | ) ) ) ) ) 2:10-cv-50 |
| Plaintiffs, | ) ) |
| v | ) ) |
| HIPA ASSOCIATES, LLC | ) ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 10<u></u>th day of May, 2011, for the reasons set forth in the forgoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

(1) The uncontested MOTION OF DEFENDANT HIPA ASSOCIATES, LLC, RECEIVER, FOR RECONSIDERATION OF THE ORDER DATED NOVEMBER 18, 2010, SUBSTITUTING HIPA ASSOCIATES, LLC, RECEIVER, AS DEFENDANT FOR MEYER JABARA HOTELS, INC., (Doc. No. 32), is **GRANTED**;

(2) HIPA ASSOCIATES, LLC, is **DISMISSED** from the above captioned action and removed from the caption; and,

(3) MEYER JABARA HOTELS, LLC, is reinstated as the Defendant, and shall hereafter be reflected as the Defendant in the caption.

(4) The caption of this action shall hereafter read as follows:

| | |
|---|---|
| **ACCESS FOR THE DISABLED, INC.** | ) |
| **a Florida not for profit corporation, and DENISE** | ) |
| **PAYNE Individually** | ) |
| | ) 2:10-cv-50 |
| **Plaintiffs,** | ) |
| | ) |
| v | ) |
| | ) |
| **MEYER JABARA HOTELS, LLC** | ) |
| **A Foreign Corporation** | ) |
| | ) |
| **Defendant.** | ) |

BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge


cc: Robert J. Henderson, Esquire
Email: roberthenderson@lawyer.com

Timothy P. Palmer, Esquire
Buchanan Ingersoll & Rooney PC
Email: timothy.palmer@bipc.com

Jennifer L. Scherer Reynolds, Esquire
Email: reynoldsje@gfhotels.com

MEYER JABARA HOTELS, LLC.
c/o Corporation Service Company
1704 Commerce Drive
Harrisburg, PA 17110
via U.S. Mail First Class and Certified

J. Freedley Hunsicker, Esquire
Wayne E. Pinkstone, Esquire
Fisher & Phillips LLP
Email: fhunsicker@laborlawyers.com
Email: wpinkstone@laborlawyers.com